PEOPLE v RATKOV (AFTER REMAND)

Docket No. 139737. Submitted May 18, 1993, at Detroit. Decided August 2, 1993, at 9:55 A.M.

John Ratkov, charged with first-degree criminal sexual conduct, was convicted by a jury in the Macomb Circuit Court, Kathleen Jansen, J., of second-degree criminal sexual conduct and was sentenced to eight to fifteen years of imprisonment. The Court of Appeals, MICHAEL J. KELLY, P.J., and GILLIS and GRIBBS, JJ., affirmed the conviction in an unpublished opinion per curiam, decided September 5, 1990 (Docket No. 107638). On rehearing, the Court of Appeals remanded for resentencing in light of the principle of proportionality announced in *People v Milbourn,* 435 Mich 630 (1990). On remand, the trial court, Deborah A. Servitto, J., imposed the same sentence. The defendant appealed.

The Court of Appeals *held:*

When computing a sentence pursuant to the sentencing guidelines, a trial court may consider all record evidence, including, but not limited to, the contents of the presentence investigation report, admissions made by the defendant, or testimony at the preliminary examination or at the trial. Facts that form the basis for the scoring of the sentencing guidelines need not have been found by the trier of fact to be proven beyond reasonable doubt. Rather, where such facts are contested by the defendant, the prosecution need only prove them by a preponderance of the evidence to the satisfaction of the sentencing court.

In this case, a preponderance of the evidence supported the trial court's decision to assess points for offense variables related to sexual penetration and contemporaneous criminal acts. Although there is merit in the defendant's challenge to assessment of points for offense variables related to multiple victims and psychological injury to the victim, any error from

REFERENCES

Am Jur 2d, Criminal Law § 525 *et seq.*
See ALR Index under Sentence and Punishment.

such incorrect scoring is harmless because a rescoring would not affect the resultant sentence range.

The sentence imposed in this case is proportionate to the offense and the offender.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — EVIDENCE.

> Facts relied on by a sentencing court in computing a sentence pursuant to the sentencing guidelines need not have been found by the trier of fact to be proven beyond a reasonable doubt; rather, where such facts are contested by the defendant, the prosecution need only prove them by a preponderance of the evidence to the satisfaction of the sentencing court.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Edward L. Graham,* and *Steven M. Kaplan,* Assistant Prosecuting Attorneys, for the people.

*Stephen T. Rabaut,* for the defendant on appeal.

John Ratkov, in propria persona.

#### AFTER REMAND

Before: MURPHY, P.J., and McDONALD and W. R. BEASLEY,[*] JJ.

McDONALD, J. Defendant, charged with first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b), was convicted by a jury of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), and sentenced to eight to fifteen years' imprisonment. This Court in an unpublished opinion per curiam, decided September 5, 1990 (Docket No. 107638), affirmed the defendant's conviction, and on rehearing remanded the

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

matter to the trial court for resentencing pursuant to the principles of proportionality announced by our Supreme Court in the then recent opinion, *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Defendant was resentenced by a different judge to the same eight- to fifteen-year term of imprisonment. Defendant appeals, claiming the sentencing court erred in calculating the guidelines' recommended minimum sentence range and that the sentence is excessive. We affirm.

Defendant's main claim on appeal is that the sentencing court erred in considering information presented at trial that was either not specifically "found" by the jury or that appears inconsistent with the jury's verdict. However, before addressing each of defendant's claimed scoring errors, we note there exists no requirement that a factfinder find the facts that form the basis of the scoring of the guidelines when rendering its verdict. *People v Williams,* 191 Mich App 269; 477 NW2d 877 (1991). A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial. *People v Harris,* 190 Mich App 652; 476 NW2d 767 (1991); *People v Walker,* 428 Mich 261; 407 NW2d 367 (1987). The contents of the presentence report are presumptively accurate if unchallenged by the defendant. However, once a defendant has effectively challenged an adverse factual assertion contained in the presentence report or any other controverted issues of fact relevant to the sentencing decision, the prosecution must prove by a preponderance of the evidence that the facts are as asserted. *Walker, supra.* If the record provides

insufficient evidence upon which to base the decision supporting or opposing the scoring, the court in its discretion may order the presentment of further proofs. This Court will affirm a sentencing court's scoring decision where there is evidence existing to support the score. *People v Warner,* 190 Mich App 26; 475 NW2d 397 (1991).

Because the prosecution must prove controverted factual assertions underlying the scoring of the sentencing guidelines by a preponderance of the evidence rather than beyond a reasonable doubt, situations may arise wherein although the factfinder declined to find a fact proven beyond a reasonable doubt for purposes of conviction, the same fact may be found by a preponderance of the evidence for purposes of sentencing. *Harris, supra; People v Purcell,* 174 Mich App 126; 435 NW2d 782 (1989).

With these principles in mind we review defendant's specific allegations of incorrect scoring. Defendant contests the court's scoring of twenty-five points for Criminal Sexual Offense Variable (ov) 12, criminal sexual penetrations, arguing the jury's failure to convict him of first-degree criminal sexual conduct requires a finding by the sentencing court that defendant did not sexually penetrate the victim. However, as previously noted, the jury was functioning within its obligation in requiring proof beyond a reasonable doubt of penetration for conviction, whereas the sentencing court only needed to determine that penetration was proven by a preponderance of the evidence for sentencing. Reviewing the victim's testimony, the sentencing court's determination is well supported by the record. We find no error. *Williams, supra.*

We likewise find no error in the court's assessment of fifteen points for ov 25, contemporaneous

criminal acts. The testimony indicated a pattern of abuse occurring two to three times a week for a period of approximately three years.

Although defendant's objections to the scoring of ov 6, multiple victims, and ov 13, psychological injury to the victim, have some merit, recalculation of those variables does not affect the ultimate guidelines range, and any error in their calculation was harmless.

Lastly, we find defendant's sentence to be proportionate to both the offense and the offender. *People v Milbourn, supra.*

Affirmed.