# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 19, 2017

Plaintiff-Appellee,

v

No. 334031
Kalamazoo Circuit Court
LC No. 2014-000786-FC

RASHAD DAQUAY PEREZ,

Defendant-Appellant.

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals as of right his sentence of 360 to 720 months' imprisonment for second-degree murder, MCL 750.317. We affirm.

This case arises out of the fatal shooting of 13-year-old Michael Day on May 26, 2014, in Kalamazoo, Michigan. The jury convicted defendant of second-degree murder, conspiracy to commit second-degree murder, and possession of a firearm during the commission of a conspiracy to commit second-degree murder (felony-firearm). The trial court subsequently dismissed defendant's conviction of conspiracy to commit second-degree murder, as this is not a cognizable criminal offense under Michigan law. The trial court sentenced defendant to 2 years' imprisonment for felony-firearm and to a consecutive term of 360 to 720 months' imprisonment for second-degree murder. Defendant appealed his convictions and sentence. We vacated defendant's felony-firearm conviction, as it was based on a conviction that had been dismissed, and remanded to the trial court for resentencing. The trial court recalculated defendant's sentencing guidelines range without the felony-firearm conviction and sentenced defendant to 360 to 720 months' imprisonment.

Defendant now argues that he is entitled to resentencing because the trial court should have assessed zero points for offense variables (OVs) 1, 2, 3, and 9. He additionally argues that he is entitled to resentencing because his Sixth Amendment rights were violated when the trial court used facts not proven beyond a reasonable doubt to determine defendant's sentencing guidelines range. We disagree.

In reviewing guidelines scoring on appeal, this Court reviews for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of

-1-

the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). As to defendant's Sixth Amendment challenge, as a nonstructural, constitutional error, we review for harmless error. *People v Terrell*, 312 Mich App 450, 464; 879 NW2d 294 (2015); *People v Stokes*, 312 Mich App 181, 198; 877 NW2d 752 (2015). We first address defendant's evidentiary challenges to the scoring of OVs 1, 2, 3, and 9, and then address defendant's constitutional argument. See *People v Biddles*, 316 Mich App 148, 157; 896 NW2d 461 (2016).

The trial court's factual determinations as to OVs 1 and 2 were supported by a preponderance of the evidence. *Schrauben*, 314 Mich App at 196. A trial court should assess 25 points for OV 1 where "[a] firearm was discharged at or toward a human being." MCL 777.31(1)(a). A trial court should assess 5 points for OV 2 where "[t]he offender possessed or used a pistol, rifle, [or] shotgun." MCL 777.32(1)(d). Moreover, in multiple offender cases, all offenders must be assessed the same number of points as to OVs 1 and 2. MCL 777.31(2)(b); MCL 777.32(2).

Defendant argues that the trial court erred in assessing points as to OVs 1 and 2 because the jury acquitted him of possession of a firearm during the commission of second-degree murder. However, as we have previously stated,

> [b]ecause the prosecution must prove controverted factual assertions underlying the scoring of the sentencing guidelines by a preponderance of the evidence rather than beyond a reasonable doubt, situations may arise wherein although the factfinder declined to find a fact proven beyond a reasonable doubt for purposes of conviction, the same fact may be found by a preponderance of the evidence for purposes of sentencing. [*People v Ratkov*, 201 Mich App 123, 126; 505 NW2d 886 (1993).]

In the present case, two eyewitnesses testified that they saw defendant fire a handgun at the victim. While this testimony was apparently insufficient for the jury to find defendant guilty of possessing a firearm during the commission of second-degree murder, this testimony constitutes a preponderance of the evidence supporting the trial court's finding that defendant possessed and fired a handgun. See *Schrauben*, 314 Mich App at 196; *Ratkov*, 201 Mich App at 126. This finding was sufficient to score 25 points for OV 1 and 5 points for OV 2. See MCL 777.31(1)(a); MCL 777.32(1)(d). Moreover, MCL 777.31(2)(b) and MCL 777.32(2) require that all offenders in a multiple-offender situation be assessed the same amount of points as to OVs 1 and 2, and the co-defendant in this case was assessed 25 points for OV 1 and 5 points for OV 2. Accordingly, the trial court was obligated to assess the same amount of points for OVs 1 and 2 as to defendant's sentencing guidelines calculation. See *People v Morson*, 471 Mich 248, 258-259; 685 NW2d 203 (2004).

The trial court's factual determination as to OV 3 is also supported by a preponderance of the evidence. A trial court should assess 25 points for OV 3 where "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). Although OV 3 provides for the assessment of 100 or 50 points when a victim is killed, these points may only be assessed where homicide is not the sentencing offense or where the offense involves the operation of a vehicle, respectively.

In the present case, the victim was killed. Because defendant was convicted of second-degree murder, the trial court could not assess 100 points under OV 3. MCL 777.33(2)(b). Because defendant's offense did not involve the operation of a vehicle, the trial court could not assess 50 points under OV 3. MCL 777.33(2)(c). However, the victim undoubtedly received a life-threatening injury, as demonstrated by the fact that the victim later died from that injury. See *People v Houston*, 473 Mich 399, 407 n 16; 702 NW2d 530 (2005). As the trial court was required to assess the highest number of points possible under OV 3, MCL 777.33(1), it was required to—and did correctly—assess 25 points pursuant to MCL 777.33(1)(c), *Houston*, 473 Mich at 407 n 16.

The trial court also correctly scored OV 9. A trial court must assess 10 points for OV 9 where "2 to 9 victims . . . were placed in danger of physical injury or death." "[E]ach person who was placed in danger of physical injury or loss of life or property" should be counted as a victim. MCL 777.39(2)(a). Accordingly, even persons who were not victims of the charged crime are considered victims under OV 9. See *People v Sargent*, 481 Mich 346, 350 n 2; 750 NW2d 161 (2008) ("[I]n a robbery, the defendant may have robbed only one victim, but scoring OV 9 for multiple victims may nevertheless be appropriate if there were other individuals present at the scene of the robbery who were placed in danger of injury or loss of life.").

In the present case, there was sufficient evidence to support the trial court's determination that more than one victim was placed in danger of physical injury or loss of life. MCL 777.39(1)(c). Testimony at trial established that at least three other juveniles were standing near the victim when he was shot. Although none of them were physically injured, each was present at the scene of the shooting and placed in danger of injury or loss of life. Therefore, although the victim was the only one injured, at least 3 other people were placed in immediate danger of physical injury as a result of the shooting and are thus considered victims for the purpose of scoring OV 9. See *People v Walden*, 319 Mich App 344; ___ NW2d ___ (2017), slip op at 3-4. Accordingly, the trial court properly assessed 10 points for OV 9 as to defendant. See *id.*

Defendant also argues that the trial court improperly used facts that were not found beyond a reasonable doubt by the jury in assessing points for OVs 1, 2, 3, and 9. In *People v Lockridge*, 498 Mich 358, 387-389; 870 NW2d 502 (2015), our Michigan Supreme Court determined that the mandatory imposition of Michigan's sentencing guidelines violated the Sixth Amendment because it allowed a defendant's minimum sentence to be increased based on facts not admitted by the defendant nor found by a jury beyond a reasonable doubt. To remedy this constitutional violation, the Court rendered the sentencing guidelines advisory. *Id.* at 391-392. Although the sentencing guidelines are now advisory, a sentencing court is still required to determine the applicable guidelines range and take it into account when imposing a sentence. *Id.* at 365. Moreover, "*Lockridge* did not alter or diminish MCL 769.34(10)," *Schrauben*, 314 Mich App at 196 n 1, which requires this Court to affirm a sentence within the guidelines sentence range "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence," MCL 769.34(10). Accordingly, the assessment of OV points based on facts not found by the jury beyond a reasonable doubt is not constitutional error post-*Lockridge*. *Lockridge*, 498 Mich at 392 n 28; *Biddles*, 316 Mich App at 159.

In the present case, the trial court calculated defendant's sentencing guidelines range upon resentencing to be 225 to 375 months' imprisonment or life. The trial court sentenced

defendant within this guidelines range to 360 to 720 months' imprisonment. At the time of sentencing, the trial court was undoubtedly aware of the *Lockridge* decision, as resentencing occurred nearly one year after the *Lockridge* decision was released. Moreover, both the prosecutor and the trial court noted that the trial court was not required to follow the sentencing guidelines. Because the trial court was aware that the sentencing guidelines were advisory only, the trial court's use of facts that were not found beyond a reasonable doubt by the jury is not error. See *Biddles*, 316 Mich App at 159 ("[J]udicial fact-finding is proper, as long as the guidelines are advisory only."). The principal constitutional error *Lockridge* sought to remedy was the use of these facts to alter a defendant's *mandatory* minimum sentence. *Lockridge*, 498 Mich at 387-389. This error is not present here, where the trial court was not required—and acknowledged that it was not required—to enter a minimum sentence based on these facts. See *Biddles*, 316 Mich App at 159. Accordingly, to the extent that the trial court relied on facts not found beyond a reasonable doubt by the jury in resentencing defendant, the trial court did not err.

To the extent that defendant argues that his sentence is not reasonable, we note that, according to *Lockridge*, 498 Mich at 364, we are required to review only *departures* from the sentencing guidelines range for reasonableness. As defendant was sentenced within his sentencing guidelines range, we need not evaluate defendant's sentence for reasonableness and must affirm defendant's sentence unless there was an error in the scoring or the trial court relied on inaccurate information. See *Schrauben*, 314 Mich App at 196; MCL 769.34(10). Defendant has not demonstrated that his sentencing guidelines range was a result of an error in scoring or inaccurate information. Accordingly, defendant is not entitled to resentencing. See *Schrauben*, 314 Mich App at 196; MCL 769.34(10)

Defendant also summarily argues that he received ineffective assistance of counsel because defense counsel failed to object to defendant's sentence. As the trial court did not err in sentencing defendant and defense counsel is not required to raise futile objections, defendant's argument is meritless. See *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Jane E. Markey