# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES LEE ROBINSON,

Defendant-Appellant.

UNPUBLISHED
June 14, 2018

No. 336449
Oakland Circuit Court
LC No. 2016-257828-FC

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right, challenging his sentences on bench trial convictions of larceny from the person, MCL 750.357, and two counts of larceny from a building, MCL 750.360. We affirm.

In January 2016, defendant and several other people were gathered in a hotel room when Darius Hudson struck Larry Pietron in the head from behind with a large wine bottle, causing Pietron to fall to the floor unconscious where he was robbed of his money and cell phone. Defendant participated in stealing from Pietron and also struck Pietron while he lay on the floor. Hudson then threatened another person in the room, Ronald Carraway, with the broken wine bottle, and defendant was involved in stealing money and a cell phone from Carraway. A third person in the room had his cell phone stolen, and it was later discovered in defendant's pant pocket.

Defendant was subsequently charged with armed robbery, MCL 750.529, as to Pietron; larceny from the person, MCL 750.357, as to Carraway; and larceny from a building, MCL 750.360. Defendant was acquitted of armed robbery, but found guilty of larceny from the person with regard to Pietron. Defendant was also acquitted of larceny from the person with regard to Carraway, but found guilty of larceny from a building. And he was found guilty of larceny from a building with regard to the stolen cell phone. Defendant was sentenced, as a second habitual offender, MCL 769.10, to 6 to 15 years' imprisonment for his larceny from the person conviction, and three to six years' imprisonment for his larceny from a building convictions. Thereafter, defendant filed a motion to correct an invalid sentence, arguing that offense variable (OV) 13 was improperly scored. The trial court disagreed, and denied the motion. This appeal followed.

-1-

Defendant argues that he is entitled to resentencing because the trial court improperly assessed 25 points to OV 13 which altered the advisory sentencing range. Specifically, defendant contends that the trial court could not have found that he had committed a third crime against a person in the last five years. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). There is clear error when we are "left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (citations omitted). We review de novo the interpretation and application of statutory sentencing guidelines. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). A " 'sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial.' " *People v Althoff*, 280 Mich App 524, 541; 760 NW2d 764 (2008), quoting *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). Additionally, "[t]he trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012). A defendant is entitled to resentencing if the "trial court clearly erred by finding that a preponderance of the evidence supported one or more of the OV scores or otherwise erred by applying the facts to the OVs, and if the scoring error resulted in an alteration of the minimum sentence range[.]" *People v Biddles*, 316 Mich App 148, 156; 896 NW2d 461 (2016) (internal citations omitted).

OV 13 addresses a "continuing pattern of criminal behavior." MCL 777.43(1). OV 13 is assessed 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). However, if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property," OV 13 is assessed at only 10 points. MCL 777.43(1)(d). "For determining the appropriate points under this variable, all crimes within a 5–year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Defendant concedes that he has committed, and has been convicted of, two crimes against persons—the sentencing offence of larceny from the person, and a prior offense of assault with intent to commit great bodily harm. Defendant argues, however, that the trial court improperly found that he committed a third crime against a person within five years of his sentencing offense. In fact, defendant argues, OV 13 should have only been assessed 10 points because his other offenses were property crimes. We cannot agree.

Considering the record evidence, the trial court reasonably could have found that the charge of larceny from a person[1] as to Carraway was established by a preponderance of the

---

[1] The elements of larceny from the person include: "(1) the taking of someone else's property without consent, (2) movement of the property, (3) with the intent to steal or permanently

evidence for sentencing purposes—but not beyond a reasonable doubt as required for a conviction. In other words, although not convicted of that crime, it was permissible for the trial court to consider it for OV 13 purposes because a preponderance of the evidence supported the conclusion that defendant committed the offense of larceny from a person. See *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013); *Ratkov (After Remand)*, 201 Mich App at 126. MCL 777.43(2)(a) states that a trial court may find that a defendant committed an offense for which he was not convicted. And multiple concurrent offenses arising from the same criminal episode are properly used in scoring OV 13. See *People v Gibbs*, 299 Mich App 473, 487-488; 830 NW2d 821 (2013).

Further, in light of the record evidence, the trial court reasonably could have also found by a preponderance of the evidence that defendant aided and abetted[2] Hudson in his assaults against Pietron and Carraway. Such assaults would qualify as additional crimes against persons. See MCL 777.16d (stating that assault is a crime against a person). In other words, a preponderance of the evidence supported the conclusions that Hudson committed assaults against Pietron and Carraway using a wine bottle, that defendant performed acts or gave encouragement that assisted Hudson, and defendant knew Hudson intended to commit the assaults at the time defendant rendered his assistance because the robbery had been discussed and planned by them before it occurred. While the trial court mentioned that it did not see the incident as "a sophisticated criminal enterprise," such statement does not bar the conclusion that a preponderance of the evidence established that defendant aided and abetted Hudson in his assaults against Pietron and Carraway.

In further support of the scoring of OV 13, the prosecution argues that the trial court could also have found that defendant committed a third crime against a person based on the presentence investigation report (PSIR). The PSIR included information regarding three dropped charges for crimes against a person: (1) a carjacking charge from 2015, which was dropped as a result of a plea agreement, (2) a 2015 aggravated assault charge, which was dropped because the victim did not appear in court, and (3) a 2015 assault and battery charge, which was also dropped because the victim failed to appear in court.

"A sentencing court is free to consider charges that were earlier dismissed, if there is a preponderance of the evidence supporting that the offense took place." *Nix*, 301 Mich App at 205 (citations omitted). However, the fact that charges were brought and subsequently

---

deprive the owner of the property, and (4) the property was taken from the person or from the person's immediate area of control or immediate presence." *People v Smith-Anthony*, 296 Mich App 413, 423 n 5; 821 NW2d 172 (2012) (citation omitted), aff'd 494 Mich 669 (2013).

[2] The elements of aiding and abetting include that "the crime was committed by the defendant or another, that the defendant performed acts or gave encouragement that aided or assisted the commission of the crime, and that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time the defendant gave the aid or assistance." *People v Jones (On Rehearing)*, 201 Mich App 449, 451; 506 NW2d 542 (1993).

dismissed, alone, is not sufficient. *People v Phelps*, 288 Mich App 123, 141-142; 791 NW2d 732 (2010), overruled in part on other grounds by *Hardy*, 494 Mich at 438 n 18. Rather, additional evidence must be presented at sentencing establishing that the defendant committed the challenged offenses by a preponderance of the evidence for purposes of scoring OV 13. See *Earl*, 297 Mich App at 110-111.

In this case, the prosecution presented only uncited background information regarding the aggravated assault and carjacking offenses. The prosecution included no exhibits to support the information in its brief in response to defendant's motion to correct an invalid sentence. Without such additional information, the trial court could not have reasonably found by a preponderance of the evidence that defendant had committed the charged crimes recorded in the PSIR. However, because the evidence presented at trial was sufficient to establish by a preponderance of the evidence that defendant committed a third offense, there is no need to establish that the trial court also could have found a third offense based on the PSIR. Thus, the trial court properly scored OV 13 at 25 points and defendant is not entitled to resentencing.

Affirmed.


/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood