# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS JOEL GRIFFETH,

Defendant-Appellant.

UNPUBLISHED
July 3, 2018

No. 337973
Kent Circuit Court
LC No. 16-006471-FH

Before: MURRAY, C.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Defendant appeals by right his convictions and sentence for two counts of first-degree criminal sexual conduct (CSC-I) for penetration while armed with a weapon, MCL 750.520b(1)(e) and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). We affirm.

Defendant found the victim's phone number in an advertisement that the victim posted on Backpage for "escort, dance and massage." Defendant invited the victim to his house. When the victim arrived, defendant ushered her into the house and placed his body between the victim and the door, which was the only exit from the house. Defendant asked the victim if she engaged in sexual intercourse with or without a condom, but the victim reminded defendant that her advertisement said that she offered dance and massage. The victim asked if defendant still wanted her to stay, and he replied that he did. When the victim asked if defendant was going to pay her, defendant pulled out a pistol. The victim never brought up payment again, and defendant never paid her.

According to the victim's testimony, defendant had the gun in his hand throughout their encounter and pointed it at her "pretty much the whole time." Defendant held the gun to her head and forced her to engage in oral sex. Then, he told the victim that he wanted to engage in sexual intercourse. The victim asked defendant to put the gun away, but defendant kept his hand on the gun and merely placed it underneath a pillow. The victim offered to be on top so that she could control the force of the intercourse, and she tried to trick defendant by using her hand instead of her vagina. Defendant realized that the victim was using her hand and grabbed her by the hip to force his penis into her vagina.

-1-

The victim concocted a story that she was calling one of her girlfriends to come over to role-play with defendant so that she could use her phone to text someone for help. She told defendant that her girlfriend had arrived, so she put on her clothes and headed out the door. She convinced defendant to put on his clothes to give her time to run to the car that she had driven to defendant's house. Defendant came outside as she was backing out of his driveway. He shot at the victim's car, shattering the driver's side window and showering the victim's eyes, chest, and arms with glass. The bullet went through the headrest of the seat where the victim was sitting.

The victim could not see well because she had glass in her eyes, but she was able to drive to a motel down the street where one of her friends was staying. She tried to contact her friend but could not find him. She called 911 to report the incident and ask for help because she thought that defendant had followed her to the motel.

Defendant admitted to having oral sex and sexual intercourse with the victim and to having a gun during the encounter. But his explanation of events was that he had the gun because he thought the victim was untrustworthy. He also claimed that he did not intend to shoot at the victim but rather intended to fire a warning shot across the bow of her car so that she would not return.

Defendant first argues on appeal that the trial court erred in its resolution of his objection at trial to the introduction of evidence that defendant had been at a bar a few hours before the assault and had shown a gun to somebody. We disagree.

"Preserved evidentiary rulings are reviewed for an abuse of discretion." *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). Preliminary questions of law concerning the admission of evidence are reviewed de novo. *Id*. at 723. A preserved, non-constitutional evidentiary error will not warrant relief unless it affirmatively appears more probably than not that it was outcome determinative. *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013). An evidentiary error is outcome determinative when, viewed in light of the weight and strength of the properly admitted evidence, it undermines the reliability of the verdict. *Id*.

In this case, the prosecution sought to introduce evidence that defendant was at a bar with a gun a few hours before the assault. A police officer testified that he was dispatched to defendant's house on the morning of the incident. When the prosecution questioned the officer about why he was dispatched to defendant's house, he responded that another police unit had called because an employee at a bar was making suicidal comments. Before the officer could continue, defendant objected; the attorneys and the trial judge engaged in a bench conference, and the jury was excused for the trial court to resolve the objection. After hearing from both attorneys, the trial court agreed with defendant that the evidence was not relevant because there

was no dispute about the timeline of events or that defendant had a gun. The trial court excused the officer and instructed the jury to disregard any testimony of the officer.[1]

Despite the trial court's resolving the objection in defendant's favor, defendant argues on appeal that the police officer's brief testimony was prejudicial and unduly influenced the jury. But the police officer never mentioned defendant or a gun, and the trial court issued a curative instruction. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham,* 256 Mich App 265, 279; 662 NW2d 836 (2003). Defendant has made no effort to overcome these presumptions, so the trial court did not abuse its discretion in how it resolved the objection.

Next, defendant argues on appeal that he was denied his constitutional right to present a defense when he was precluded from introducing police reports regarding the victim's engagement in prostitution. We disagree.

"A criminal defendant has a state and federal constitutional right to present a defense, which includes the right to call witnesses, but this right is not absolute." *People v Daniels*, 311 Mich App 257, 265; 874 NW2d 732 (2015). This right " 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' " *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012), quoting *Chambers v Mississippi*, 410 US 284, 295; 93 S Ct 1038; 35 L Ed 2d 297 (1973). In particular, "defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Daniels*, 311 Mich App at 265 (quotation marks and citation omitted).

"Under the Michigan Rules of Evidence, evidence is admissible only if it is relevant as defined by MRE 401 and is not otherwise excluded under MRE 403." *People v Feezel*, 486 Mich 184, 197; 783 NW2d 67 (2010). Under MRE 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Additionally, "[f]or the purpose of attacking the creditability of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless . . . (1) the crime contained an element of dishonesty or false statement, or (2) the crime contained an element of theft . . . ." MRE 609(a). Our Supreme Court has held that a trial court does not infringe on a defendant's constitutional right to present a defense when it forecloses a defendant's attempts to impeach the credibility of a witness with specific acts or reputation for prostitution because that evidence is generally not relevant to credibility. *People v Williams*, 416 Mich 25, 45-46; 330 NW2d 823 (1982).

In this case, defendant sought to introduce police reports to support his theory that the victim fabricated the sexual assault because she knew from past interactions with the police that the police would not help her if she admitted to engaging in prostitution. The trial court considered defendant's argument and decided that defendant could elicit testimony from the

---

[1] The trial transcripts reflect that the direct examination of the police officer lasted one minute.

victim that she knew prostitution was illegal and that if she admitted to engaging in prostitution, she would likely not get a positive response from the police.

At trial, defendant did, in fact, elicit testimony surrounding his theory of the case. The victim admitted that she had been posting advertisements on Backpage for 10 years and that she had agreed to have sex with customers she met on Backpage in exchange for money. She testified that she knew that prostitution was illegal. She also admitted that she lied to the police when she told them that she had a friend drive her to defendant's house because she did not want to get in trouble for driving without a license. Furthermore, defense counsel argued defendant's theory of the case in his closing argument.

The victim's specific acts of prostitution are not relevant to her credibility. *Williams*, 416 Mich at 45. To the extent that the evidence in the police reports was relevant to support defendant's contention that the victim fabricated the sexual assault, we find that the evidence still was properly excluded under MRE 403 and 609(a). Because defendant was able to elicit testimony and argue his theory of the case, the probative value of evidence of incidents documented in the police reports was substantially outweighed by several other considerations. See MRE 403. Presenting the victim's encounters with the police for engaging in prostitution could cause unfair prejudice and confuse the issues because under MCL 750.520b(1)(e), the prosecution was only required to prove that defendant engaged in penetration with the victim and was armed with a weapon. And because defendant was allowed to elicit testimony to show the victim's motive to lie about the sexual assault, the evidence was needlessly cumulative. See MRE 403. Moreover, the trial court properly excluded evidence of other incidents under MRE 609(a) because defendant was precluded from introducing evidence of the victim's past crimes when the crimes did not relate to dishonesty or theft. Thus, the trial court did not abuse its discretion in excluding the evidence. See *Duncan*, 494 Mich at 722-723; *Unger*, 278 Mich App at 216.

Lastly, defendant claims that the trial court erred in scoring offense variables (OVs) 1, 2, and 7 in calculating defendant's guidelines range. As an initial matter, defendant has failed to support his claim with relevant authority or analysis, instead opting to quote his objections and the trial court responses from the sentencing hearing. This Court and our Supreme Court have observed:

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. Failure to brief a question on appeal is tantamount to abandoning it." [*People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

Further, on review of defendant's objections in the trial court, his challenge to the scoring of OVs 1, 2, and 7 still fails.

When considering a challenge under the sentencing guidelines, "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Even if a jury "declined to find a fact proven beyond a reasonable doubt for purposes of conviction, the same fact may be found by a preponderance of the evidence for purposes of sentencing." *People v Ratkov (After Remand)*, 201 Mich App 123, 126; 505 NW2d 886 (1993). "A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

MCL 777.31(1)(a), defining OV 1 for aggravated use of a weapon, instructs the trial court to assign 25 points if "[a] firearm was discharged at or toward a human being," and MCL 777.32(1)(c), defining OV 2 for lethal potential of a weapon used or possessed, instructs the trial court to assign 5 points if "[t]he offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon."

The record amply supports that defendant possessed a pistol and discharged a firearm at or toward a human being. This conclusion is based on the victim's testimony that defendant had a gun in his hand throughout the sexual assault and that defendant "shot right at [her] face" when she fled. Police testimony corroborated the victim's testimony because automobile glass was found in the middle of the street in front of defendant's house; a casing was found in the middle of defendant's yard; bullet fragments were recovered from the car that the victim was driving that night, and a loaded firearm was found on defendant's bed. Even defendant's own admissions support that he had a gun with him during his sexual encounter with the victim and that he fired a shot toward the victim's car. Thus, although the jury found defendant not guilty of assault charges, the trial court did not err in finding that defendant possessed a pistol during the sexual assault and discharged his firearm toward the victim. See *Ratkov*, 201 Mich App at 126.

MCL 777.37(1)(a), outlining OV 7 for aggravated physical abuse, instructs the trial court to assess 50 points if the "victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." In *Hardy*, 494 Mich at 443-444, our Supreme Court concluded that in scoring OV 7, the trial court could consider conduct inherently present in the crime and that "[t]he relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." To determine a "baseline for the amount of fear and anxiety experienced by a victim of the type of crime or crimes at issue," the trial "court should consider the severity of the crime, the elements of the offense, and the different ways in which those elements can be satisfied," to then "determine, to the extent practicable, the fear or anxiety associated with the minimum conduct necessary to commit the offense." *Id.* at 442-443 (citations omitted).

The trial court based its assessment of OV 7 on the fact that defendant fired a shot at the victim as she fled. Even under defendant's theory that he was simply firing a warning shot, the shot was intended to scare the victim, which was precisely the basis for scoring OV 7 at 50

points. The prosecution added that defendant had the gun in his hand for the entirety of the sexual assault, and by his own admission, refused to put it away even after the victim so requested. The elements of CSC-I under MCL 750.520b(1)(e) require that defendant engage in penetration with the victim and be armed with a weapon. Defendant's conduct went beyond what was required for a conviction when he kept his hand on the weapon throughout his encounter with the victim, held the gun to the victim's head at certain points during the sexual assault, and fired a shot at the victim as she fled, substantially increasing the fear and anxiety that the victim suffered. See *Hardy*, 494 Mich at 443-444. Therefore, the trial court did not err in assessing 50 points few or OV 7.

We affirm.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Jonathan Tukel