*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 23, 2023

Plaintiff-Appellee,

v

No. 362028
Van Buren Circuit Court
LC No. 2021-023008-FC

JOSE NAUN SANTOS-CONTRERAS,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's judgment of sentence after defendant pleaded guilty to one count of first-degree criminal sexual conduct (CSC-I) and one count of third-degree criminal sexual conduct (CSC-III). The trial court sentenced defendant to 12 to 40 years' imprisonment for CSC-I and to 10 to 15 years' imprisonment for CSC-III. Finding no errors warranting reversal, we affirm.

## I. RELEVANT FACTS AND PROCEEDINGS

This case arises out of a reopened case concerning several sexual assaults committed against the victim by defendant that were initially reported by the victim in 2012. At that time, the case was closed without resolution. In 2019, the case was reopened, and DNA testing established defendant as the offender.

Defendant subsequently pleaded guilty to one count of CSC-I and one count of CSC-III. The Presentence Investigation Report (PSIR) contained a recommended minimum sentence of 108

---

[1] *People v Santos-Contreras*, unpublished order of the Court of Appeals, entered August 4, 2022 (Docket No. 362028).

to 180 months, in part, based on an assessment of 15 points for offense variable (OV) 19.[2] OV 19 was scored on the basis of the conclusion in the PSIR that defendant threatened the victim to prevent her from reporting the assault. Defendant objected to the assessment, arguing that the record did not support that conclusion because (1) the victim did not mention a threat to the police or at the preliminary examination; and (2) defendant did not speak English, and the victim did not speak Spanish and it was not possible for defendant to communicate a threat to the victim. For these reasons, defendant argued that the trial court should have assessed zero points for OV 19.

The prosecutor argued that the victim stated that "[defendant] threatened to do something to her if she told." Additionally, Kevin Jones, the agent who prepared the PSIR, testified that the victim stated that defendant threatened the victim if she told. After reviewing the PSIR and taking testimony from the PSIR agent, the trial court determined that there was a preponderance of the evidence to support assessing 15 points for OV 19. The trial court entered a sentence of 144 months to 40 years for the CSC-I conviction and 120 months to 15 years for the CSC-III conviction. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). However, this Court reviews for clear error a trial court's findings of fact in support of a particular score under the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The trial court's factual findings underlying the scoring of a variable must be supported by a preponderance of the evidence. *Id*.[3]

---

[2] Fifteen points is appropriate under OV 19 if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b).

[3] Although defendant objected to the trial court's assessment of 15 points for OV 19, he did so on grounds that were different from those advanced here. Accordingly, defendant has failed to preserve the issue for appeal. See MCL 769.34(10) ("A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals."); *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014) ("Because defendant's challenge to the scoring of OV 8 on appeal is based on grounds different than those asserted at sentencing, the issue is unpreserved.").

Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The defendant bears the burden to demonstrate that an error occurred, that the error was clear or obvious, and that the error affected his or her substantial rights. *Id*. In order to establish the last element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*. Regardless of whether

## II. OV 19 SCORING

Defendant argues that the trial court erred when it scored 15 points for OV 19 because defendant never communicated a threat to harm the victim. Defendant also contends that the trial court erred because the threat was made before the offense even occurred. We disagree.

"The purpose of OVs is to tailor a recommended sentence to a particular case." *People v Dixon*, 509 Mich 170, 177; 983 NW2d 385 (2022). "The OVs are a procedural mechanism for courts to individualize sentencing to the offense and the offender." *Id.* The sentencing court may consider all record evidence when calculating the sentencing guidelines, including, "the contents of a [PSIR], admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Ratkov*, 201 Mich App 123, 125; 505 NW2d 886 (1993).

OV 19 addresses offender conduct that constitutes "a threat to the security of a penal institution or interference with the administration of justice or the rendering of emergency services." MCL 777.49. Under OV 19, MCL 777.49(b), 15 points are assessed when the offender "used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services[.]" See also *People v Montague*, 338 Mich App 29, 58; 979 NW2d 406 (2021). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Moreover, "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). For example, an offender's threat to kill the victim to prevent the victim from reporting a crime would warrant an assessment of 15 points for OV 19. *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011).

The PSIR indicates that the victim told Jones that defendant "threatened to hurt her if she revealed [defendant's] attacks." Jones stated during the sentencing hearing that he "ask[ed] her specifically did he ever threaten you and she said yes." Jones also stated, however, that he did not ask the victim if defendant threatened her with harm, only if defendant threatened her if she told someone. The statement made by Jones—that he did not *ask* if defendant threatened harm to the victim—and the statement made by the victim—that defendant threatened to harm her—are not mutually exclusive. In other words, while one interpretation of Jones's testimony is that he did not ask, and the victim did not state, whether defendant threatened the use of force, an equally plausible interpretation is that although Jones did not ask, the victim stated defendant threatened her with "harm." Such an interpretation of the PSIR is not clearly erroneous. See *Hardy*, 494 Mich at 438. Accordingly, the victim's statement supported the trial court's conclusion by a

---

we employ plain error standard or the normal standard of review, we find defendant's arguments unconvincing.

preponderance of the evidence that defendant used or threatened the use of force, and the trial court did not clearly err when it assessed 15 points for OV 19.

Defendant also argues the trial court erred because the threat made by defendant did not "interfere with the administration of justice" since the threat was made before the criminal offense occurred. According to defendant, the only threat in the record was defendant's statement that he would tell the victim's mother that they had sex even if they did not. Defendant contends, therefore, that not only was the assessment of 15 points improper for OV 19, it also would have been improper for the trial court to assess 10 points for OV 10 because defendant did not interfere with the administration of justice when making the threat since it was made before the sentencing offense occurred.

Under MCL 777.49(c), 10 points are assessed if the defendant "otherwise interfered with or attempted to interfere with the administration of justice." Defendant's assertion that the only threat in the record is the statement made about telling the victim's mother ignores the victim's statement in the PSIR that defendant "threatened to hurt her if she revealed his attacks." Even if this statement made by the victim did not constitute a threat of the use of force, triggering 15 points, the fact that defendant threatened the victim if she told anyone would have been sufficient for the trial court to assess 10 points. See *People v Steele*, 283 Mich App 472, 493; 769 NW2d 256 (2009) (concluding that 10 points are appropriate when a defendant tells his victim not to tell anyone, as it is a "clear and obvious attempt" to diminish the victim's "willingness and ability to obtain justice"). We therefore reject defendant's argument that he should not have been assessed any points for OV 19.

And even if defendant was correct that the trial court should have assessed 10 points for OV 19, defendant's sentence would have been the same. Defendant's total prior record variable (PRV) score was 17 points, and his total OV score was 70 points, resulting in a PRV Level C and an OV Level IV, which set defendant's minimum sentencing guidelines range at 108 to 180 months' imprisonment. See MCL 777.16y. If defendant were resentenced under an amended score of 10 for OV 19, his total OV score would decrease to 65 points, and his OV level would remain unchanged. See MCL 777.62 (providing OV Level IV range for Class A felonies as 60 to 79 points); *People v Rhodes*, 305 Mich App 85, 91; 849 NW2d 417 (2014) (stating that if a scoring error does not alter the guidelines range, resentencing is not required).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford

-4-